UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:19-88 |
| | ) | |
| | ) | 18 U.S.C. § 1349 |
| v. | ) | 18 U.S.C. § 641 |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| SUSAN A. BUTLER | ) | 18 U.S.C. § 982(a)(7) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | **INDICTMENT** |

### COUNT 1

THE GRAND JURY CHARGES:

#### THE SCHEME AND ARTIFICE TO DEFRAUD

1. At all times relevant to this Indictment:

   a. The South Carolina Early Autism Project (SCEAP) is a provider of behavioral health and education solutions for children and young adults, particularly those afflicted with autism;

   b. Medicaid is a federal government system of health insurance for those requiring financial assistance;

   c. Medicaid works in conjunction with the United States Department of Health and Human Services (USDHHS), the South Carolina Department of Health and Human Services (SCDHHS), the Centers for Medicaid ad Medicare Services (CMS), and South Carolina Department of Disabilities and Special Needs (DDSN);

   d. Tricare is a health care program of the United States Department of Defense Military Health System;

1

   e. SCEAP provided autism counseling services to clients and billed Medicaid and Tricare for the services;

   f. **SUSAN A. BUTLER** was a founder, owner and operator of SCEAP.

2. The scheme and artifice to defraud operated substantially as follows:

   a. **SUSAN A. BUTLER** and others, known and unknown to the Grand Jury, systematically overbilled Medicaid and Tricare for autism-related and other services;

   b. **SUSAN A. BUTLER** improperly billed Medicaid and Tricare and caused Medicaid and Tricare to be billed outside of, and in contradiction to, standards set forth within government health care policy manuals;

   c. **SUSAN A. BUTLER** fraudulently billed the Government and caused the Government to be fraudulently billed for administrative costs by disguising those administrative costs as patient therapy;

   d. **SUSAN A. BUTLER** improperly billed the Government and caused the Government to be billed for therapist travel costs;

   e. **SUSAN A. BUTLER** improperly billed the Government and caused the Government to be billed for services that were not rendered;

   f. **SUSAN A. BUTLER** paid or caused to be paid kickbacks and bribes to clients by illegally offering free child care services for siblings;

   g. **SUSAN A. BUTLER** billed Medicaid and Tricare and caused Medicaid and Tricare to be billed at higher rates than allowable for the services rendered.

3. Between in or about January 2009 and in or about June 2016, in the District of South Carolina, and elsewhere the defendant, **SUSAN A. BUTLER** knowingly and

willfully did combine, conspire, confederate, and agree together and with other persons, known and unknown to the grand jury, to devise and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises and for the purpose of executing such scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire in interstate commerce, writings, signs and signals, namely, demands for payment to Medicaid and Tricare, in interstate commerce, in violation of Title 18, United States Code, Section 1343;.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

Between in or about January 2007 and in or about June 2016, in the District of South Carolina, the Defendant, **SUSAN A. BUTLER,** knowingly and willfully did embezzle, steal, and convert to their own use, and the use of others, money in excess of $1,000 belonging to the United States;

In violation of Title 18, United States Code, Section 641 and 2.

## FORFEITURE

Upon conviction to violate Title 18, United States Code, Sections 641, 1343, and 1349 as charged in this Indictment, the Defendant, **SUSAN A. BUTLER,** shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

### CASH PROCEEDS/FORFEITURE JUDGMENT:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly from the offenses charged in the Indictment, that is, a minimum of $9,020,589.56 and all interest and proceeds traceable thereto, in that such sum equals property, that the Defendants obtained as the result of their violation of 18 U.S.C. §§ 641, 1343, and 1349.

### SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c).

A \_\_\_True_____ BILL

_____
FOREPERSON

*/s/ J.D. Rowell for*
LANCE CRICK (TDP)
1ST ASSISTANT UNITED STATES ATTORNEY